UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JULIE H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 1:22-CV-00145-H-BU |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) on August 2, 2023, regarding the final adverse decision of the Commissioner of Social Security. *See* Dkt. No. 20. Judge Parker recommended that the Court affirm the Commissioner's decision. *Id.* at 19. The plaintiff timely filed objections to the FCR. Dkt. No. 21.

The plaintiff objects to Judge Parker's findings that: (1) the Administrative Law Judge (ALJ) properly considered the opinions of the state agency consultants, *id.* at 1–3; (2) the state agency consultants properly considered the opinion of Dr. Flanagan when making their disability determinations, *id.* at 3; and (3) the ALJ properly considered both the plaintiff's severe mental impairments and mild limitations when determining her residual functional capacity (RFC). *Id.* at 4.

For the reasons stated below, the Court overrules the plaintiff's objections and accepts and adopts the FCR (Dkt. No. 20). The Court affirms the final adverse decision of the Commissioner.

1.      **Factual and Procedural Background**

In July 2020, the plaintiff filed an application for a period of disability and disability insurance benefits. *See* Dkt. No. 10-1 at 54. The Administration denied her claim in February 2021, *id.* at 101–05, and again upon reconsideration. *Id.* at 108–10. The plaintiff timely filed a written request for a hearing. *See id.* at 111. The ALJ held a telephonic hearing, attended by the plaintiff, her non-attorney representative, and an impartial vocational expert. *Id.* at 18, 35–51. The ALJ concluded—after going through the requisite five-step analysis—that the plaintiff was not disabled for the relevant period and rejected her claim for disability insurance benefits. *Id.* at 18–28.

At step one, the ALJ determined that the plaintiff had "not engaged in substantial gainful activity since June 16, 2020, the alleged onset date." *Id.* at 20. At step two, the ALJ found the plaintiff had "the following severe impairments: Degenerative Disc Disease of the Lumbar Spine with Radiculopathy, Obesity, Major Depressive Disorder, [and] Post-Traumatic Stress Disorder." *Id.* At step three, the ALJ found the plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments enumerated in the social security regulations. *Id.* at 21. After considering the entire record, the ALJ determined the plaintiff had the RFC to, in part, "perform light work as defined by 20 CFR 404.1567(b) except the [plaintiff] . . . can maintain attention, concentration and pace to perform detailed, but not complex, tasks." *Id.* at 23. At step four, the ALJ found the plaintiff was able to perform past relevant work as a payroll clerk and a job combining the duties of a receptionist and a payroll clerk because "[t]his work does not require the performance of work-related activities precluded by the [plaintiff's RFC]." *Id.* at 27–28. Based on these findings, the ALJ concluded the plaintiff

was not disabled. *Id.* at 28.

The plaintiff challenged the ALJ's decision before the Appeals Council. The Appeals Council affirmed, *id.* at 7, and the plaintiff filed a timely appeal in this Court. Dkt. No. 1. The case was referred to Magistrate Judge Parker, Dkt. No. 4, who recommended the Court affirm the decision of the ALJ. Dkt. No. 20. The plaintiff filed an objection to the FCR, Dkt. No. 21, so the appeal is ripe for review.

## 2. Legal Standards

### A. Standards of Review

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The Court reviews uncontested portions of the FCR only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 502 (5th Cir. 2020).

Therefore, in this case, the Court reviews de novo: (1) whether the ALJ properly considered the opinions of the state agency consultants and was not required to explain any inconsistency or ambiguity in the administrative findings, *see* Dkt. No. 21 at 1–3; (2) whether the state agency consultants properly considered the opinion of Dr. Flanagan when making their disability determinations, *see id.* at 3, and (3) whether the ALJ properly considered both the plaintiff's severe mental impairments and mild limitations when determining her RFC. *See id.* at 4. Although the plaintiff raised the issue before the magistrate judge, *see* Dkt. No. 13 at 1, 12–13, she did not object to Judge Parker's finding that the ALJ and Appeals Council Judges were properly appointed and had authority to

adjudicate the plaintiff's claims.  *See* Dkt. No. 21.  Thus, the Court reviews this issue for plain error.

    **B.**    **ALJ's Disability Determination**

In evaluating a disability claim, an ALJ performs a five-step analysis to determine whether:

> (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see* 20 C.F.R. § 404.1520.  Judicial review of the Commissioner's determination that a claimant is not disabled or entitled to benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard."  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Greenspan*, 38 F.3d at 236).  "It is 'more than a mere scintilla and less than a preponderance.'"  *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

In addition, "[t]he ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits."  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In reviewing de novo an eligibility determination, "[a] court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff."  *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th

4

Cir. 1996)). "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

In short, the Court's review of an ALJ's decision is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

    C.    **ALJ's RFC Determination**

Prior to considering step four in the five-step disability analysis, an ALJ must determine a claimant's RFC, *see* 20 C.F.R. § 404.1520(e). An RFC is "the most [a claimant] can still do despite . . . limitations." 20 C.F.R. § 404.1545(a)(1). "[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor*, 706 F.3d at 602–03 (citing *Ripley*, 67 F.3d at 557); *see also* 20 C.F.R. § 404.1546(c).

In determining the RFC, the ALJ must "examine[] the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). While "ALJs are no longer required to give controlling weight to a treating physician's opinion," an ALJ usually cannot reject a medical opinion without some explanation. *Id.* at 718–19. In considering what weight to give to medical opinions, ALJs must consider a list of factors, including: (1) the persuasiveness of a medical source, (2) whether the opinion is supported by objective

5

medical evidence, and (3) whether the medical opinion is internally consistent. 20 C.F.R. § 404.1520c; *see also Webster*, 19 F.4th at 719. Of these factors, supportability and consistency are the most important. 20 C.F.R. § 404.1520c(a).

3. Analysis

Foremost, the plaintiff presents the same arguments in her objections that she presented to Judge Parker. *Compare* Dkt. No. 21 at 1–4 *with* Dkt. No. 13 at 3–11. The Court notes that it is "not obligated to address objections which are merely recitations of the identical arguments made before the magistrate judge." *Nolen-Davidson v. Comm'r, Soc. Sec. Admin.*, No. 4:20-CV-1085-P, 2021 WL 4476763, at *1 (N.D. Tex. Sept. 30, 2021) (alterations omitted) (quoting *Owens v. Comm'r of Soc. Sec.*, 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013)). Even so, just as the Magistrate Judge rejected her arguments once before, this Court does the same.

### A. The Court overrules the plaintiff's objection that the ALJ failed to properly consider the opinions of the state agency consultants.

The plaintiff first argues that the ALJ's partial reliance on state agency consultant findings without addressing allegedly inconsistent and ambiguous assessments rendered the ALJ's RFC findings as to the plaintiff's limitations unsupported by substantial evidence. Dkt. No. 21 at 2–3. The Court disagrees.

First, the ALJ was not required to resolve the alleged inconsistencies in the state agency consultants' findings regarding the Psychiatric Review Technique (PRT) and Mental Residual Functional Capacity (MRFC). The PRT and MRFC inquiry processes are distinct and serve different purposes, as "the limitations in the Paragraph B criteria [utilized in the PRT inquiry] are specifically not a residual functional capacity assessment." *Hawkins v. Kijakazi*, No. A-20-CV-889-DH, 2021 WL 4923311, at *5 (W.D. Tex. Oct. 21, 2021). In

fact, the MRFC analysis requires a more detailed assessment than the PRT analysis because it requires the ALJ to "item[ize] various functions contained in the broad categories found in paragraph B of the adult mental disorders listing in 12.00 of the List of Impairments." *Martha L. v. Saul*, No. 1:20-CV-00003-H-BU, 2021 WL 3610316, at *4 (N.D. Tex. July 27, 2021), *report and recommendation adopted by* 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021). If an ALJ considers these paragraph B functional limitations when determining the MRFC, "[an] ALJ [does] not err by finding moderate limitations in his Listing analysis while also concluding in the RFC finding that Plaintiff could perform detailed tasks, as these [are] two distinct analyses." *Barron v. Berryhill*, No 1:18-cv-20-MTP, 2018 WL 5846356, at *3 (S.D. Miss. Nov. 8, 2018).

The plaintiff argues in her objection that, regardless of whether the ALJ expressly relied on the limitations referenced in the PRT analysis when adopting the state agency consultants' MRFC assessments, the limitation in the PRT assessment to "simple and routine tasks / instructions" is inconsistent with the MRFC determination that the plaintiff can "perform detailed but not complex instructions." Dkt. No. 21 at 1–2. Because, however, these determinations are part of two distinct steps in the sequential process and are not equivalent, a perceived inconsistency in the two does not amount to a legal error. *See Barron*, 2018 WL 5846356, at *3.

Moreover, even if these findings were inconsistent or ambiguous, they do not make the ALJ's RFC determination unsupported by substantial evidence. The ALJ states she considered all medical opinions and prior administrative medical findings and gave reasons as to the weight given to each when reaching a decision. *See* Dkt. No. 10-1 at 25–27; *see also* 20 C.F.R. § 404.1520c(c). When evaluating the prior administrative findings of the state

7

agency psychological consultants, the ALJ found the state agency consultants' finding that the plaintiff's mental impairments resulted in "mild limitations" only "partially persuasive." Dkt. No. 10-1 at 27.  The ALJ noted that, although the findings were "well supported by citations to objective medical evidence," the plaintiff's mental impairments of "impaired processing speed . . . combined with the [plaintiff's] pain" were consistent with a more restrictive finding of "moderate concentration limitations." *Id.*  The ALJ also found the medical opinion of Dr. Cherisse Flanagan, Ph.D. only "partially persuasive," noting that it was "supported by citations to objective medical findings from her examination of the [plaintiff]." *Id.*  She disagreed, however, with Dr. Flanagan's restriction that the plaintiff could perform "no more than one or two step tasks," finding such a limitation inconsistent with "testing showing generally normal intellectual and memory functioning." *Id.*

Thus, the ALJ properly supported her finding of an MRFC that included, in part, the ability to "maintain attention, concentration and pace to perform detailed, but not complex, tasks" by discussing the supportability and consistency of the medical opinions and prior administrative medical findings and determining their persuasiveness. *Id.* at 23, 27.  Such a determination of moderate limitations in concentration can be consistent with the ability to perform "detailed, but not complex, instructions." *See, e.g.*, *Taylor v. Colvin*, No. 4:13-cv-534, 2014 WL 4443434, at *6 (N.D. Tex. Sept. 9, 2014).  The Court finds the ALJ's determination of an RFC that limits the plaintiff to work with "detailed, but not complex, instructions" is not unsupported by substantial evidence regardless of the state agency consultants' finding of a greater restriction to "simple and routine tasks / instructions" in the PRT.  Dkt. No. 10-1 at 63.  Accordingly, the ALJ's alleged failure to resolve an

8

inconsistency or ambiguity in the administrative findings is not a legal error, and the Court overrules this objection.

Similarly, the plaintiff restates the argument that remand is require because "the state agency medical experts never commented on, or even recognized [the] opinion [of Dr. Flanagan]." Dkt. No. 21 at 3.  As noted above, the ALJ properly evaluated the supportability and consistency of Dr. Flanagan's medical opinion.  *See* Dkt. No. 10-1 at 27; *see also Webster*, 19 F.4th at 718–19.  The Court can only reverse the ALJ's decision for failing to develop an adequate record if the plaintiff can show she "could and would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728 (quoting *Kane*, 731 F.2d at 1220).   That the state agency consultants failed to note Dr. Flanagan's opinion in their disability determination does not adduce new evidence that might alter the overall determination or indicate the ALJ's decision is not supported by substantial evidence, and the plaintiff provides no authority to suggest otherwise.

Accordingly, because the ALJ properly considered the opinions of the state agency medical consultants, the Court overrules the plaintiff's first objection.

**B.      The Court overrules the plaintiff's objection that the ALJ's finding that the plaintiff can perform semi-skilled and unskilled work despite her severe impairments is unsupported by substantial evidence.**

As part of the RFC assessment, the ALJ found the plaintiff could perform "detailed, but not complex, tasks."  Dkt. No. 10-1 at 23.  The plaintiff contends that there was not substantial evidence for the ALJ to find the plaintiff could perform such semi-skilled or even unskilled work considering her severe mental impairments.  Dkt. No. 21 at 4.  This objection, however, is unsupported by the record and applicable law.

9

A finding that the plaintiff has a severe impairment does not prevent a finding that the plaintiff can also complete unskilled and semi-skilled work. *See, e.g.*, *Langley v. Barnhart*, 213 F. App'x 325, 327 (5th Cir. 2007). After all, a "severe impairment" or a combination of impairments *must* be found in step two of the sequential process to progress to determining the plaintiff's capabilities when performing certain types of work in steps four and five. *See* 20 C.F.R. § 404.1520(c)–(g). Similar to how the limitations found in the PRT analysis in step two are not equivalent to the MRFC analysis in steps four and five of the sequential process, *see supra* at 6–7, an ALJ's determination of a "severe impairment" in steps two and three does not require a determination in steps four and five that the plaintiff cannot perform even "unskilled" work. *Cf. Willis v. Saul*, No. H-18-1495, 2020 WL 489566, at *3 (S.D. Tex. Jan. 29, 2020) (finding a plaintiff with severe mental impairments capable of some skilled work).

In her objection, the plaintiff references 20 C.F.R. § 404.1522(b). Dkt. No. 21 at 4. This regulation clarifies the meaning of a non-severe impairment and gives examples of "basic work activities" that may be affected by a severe impairment. 20 C.F.R. § 404.1522. The plaintiff relies on this regulation to argue that the ALJ's determination in steps two and three that the plaintiff has "severe impairments" means, in turn, that the plaintiff cannot perform "basic work activities" and, consequently, the ALJ's finding in step four that the plaintiff can perform "detailed but not complex tasks" is not supported by substantial evidence. Dkt. No. 21 at 4. The plaintiff contends such "detailed but not complex tasks" are "semi-skilled" work, which cannot be performed by a plaintiff with a "severe mental impairment" that limits her ability to perform "basic work activities." *See id.*

This argument is simply incorrect. As in this case, an RFC can appropriately prohibit a plaintiff with a "severe mental impairment" from performing "skilled" work and "account [for a plaintiff's severe] mental impairments when . . . limit[ing a plaintiff's] ability to understand, remember and carry out detailed and simple instructions as found in semi-skilled and unskilled work." *Willis*, 2020 WL 489566, at *5 (internal quotation marks omitted).

As discussed in more detail above, *see supra* at 7, the ALJ considered the medical evidence in the record, explaining the weight she gave to certain determinations and opinions when arriving at her finding that the plaintiff's severe mental impairments restricted her to work involving "detailed, but not complex, tasks." *See* Dkt. 10-1 at 23–27; *see also Webster*, 19 F.4th at 718–19. The ALJ found that, although the plaintiff had severe mental impairments resulting in "moderate limitations," the "testing showing generally normal intellectual and memory functioning is not consistent with a restriction of no more than one or two step tasks." Dkt. No. 10-1 at 27. A finding of "severe" mental impairments that cause "moderate limitations" in concentration, persistence, and pace can support a finding of an RFC that allows a plaintiff to perform unskilled and semi-skilled work based on the plaintiff's "ability to understand, remember and carry out detailed and simple instructions as found in semi-skilled and unskilled work. *Willis*, 2020 WL 489566, at *5. Thus, the Court does not find that the ALJ's finding that the plaintiff can perform semi-skilled work that includes "detailed, but not complex, tasks" is unsupported by substantial evidence. *See* Dkt. No. 10-1 at 23.

For all these reasons, the Court finds the ALJ's RFC assessment is not unsupported by substantial evidence and overrules the plaintiff's second objection.

      **C.**    **The Court finds no plain error in the uncontested portion of the FCR.**

Though the issue was raised before the magistrate judge, the plaintiff did not object to the FCR on the basis that the ALJ found the ALJ and Appeals Council members properly appointed. *See* Dkt. Nos. 18; 20. Upon review of the record and unobjected-to portions of the FCR, the Court finds no plain error and adopts this portion of the FCR.

**4.**    **Conclusion**

Having reviewed the objected-to portion of the FCR de novo, the Court finds the ALJ's decision is supported by substantial evidence for all the reasons set forth above. No plain error exists elsewhere in the FCR, so the Court adopts it in full. The Court affirms the Commissioner's decision to deny the plaintiff's application for disability insurance income.

The Court will issue its final judgment separately.

So ordered on November 27, 2023.

                                                        JAMES WESLEY HENDRIX
                                                        UNITED STATES DISTRICT JUDGE